108 F.3d 1391
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary Ann NAGEL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3285.
 United States Court of Appeals, Federal Circuit.
 Feb. 18, 1997.
 
 Before NEWMAN, MICHEL, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mary Ann Nagel seeks review of the decision of the Merit Systems Protection Board, CB1205960011U-1, dismissing her request for review of certain regulations and denying her request to reopen the appeal of her removal. Discerning no error in the decision of the Board, we affirm.
 
 BACKGROUND
 
 2
 Ms. Nagel filed an appeal with the Board requesting that it review the regulations of the Office of Personnel Management (OPM) governing adverse actions and performance based actions and alleging that the regulations, on their face or as implemented, would require commission of a prohibited personnel practice. Ms. Nagel contends that OPM's regulations require: 1) discrimination based upon a handicapping condition; 2) use of a recommendation not based on personal knowledge and not consisting of evaluation of work-related factors; 3) obstruction of her right to compete for employment; and 4) reprisal for exercising certain appeal rights.
 
 
 3
 Ms. Nagel also asks that the Board reopen a final decision rendered September 21, 1992 dismissing her appeal of her removal on the basis that she and the Federal Aviation Administration (FAA) had entered into a settlement agreement. Ms. Nagel alleges that the settlement agreement was obtained by misinformation, deception or fraud. Ms. Nagel also states that she had a severe mental illness at the time the agreement was reached and that the FAA took unfair advantage of her mental state in reaching an agreement with her to cancel her removal in return for her resignation.
 
 
 4
 The Board held that its review of agency regulations under 5 U.S.C. § 1204(f) is limited to determining whether an OPM regulation, on its face or as implemented, would require commission of a prohibited personnel practice, and that the person requesting review must identify the prohibited personnel practice at issue and how it adversely affected that person. The Board held that although Ms. Nagel identified various prohibited personnel practices that she asserted were required by OPM's regulations, she did not provide a statement "describing in detail the reasons why the regulation would require an employee to commit a prohibited personnel practice; or the reasons why the implementation of the regulation requires an employee to commit a prohibited personnel practice." 5 C.F.R. § 1203.11(b)(iii). The Board also held that Ms. Nagel failed to demonstrate a nexus between OPM's regulations and the asserted violations of 5 U.S.C. § 2302(b).
 
 
 5
 Concerning Ms. Nagel's request to reopen the Board's final decision concerning her removal from the FAA, the Board observed that it is authorized to reopen a final decision on its own motion. See 5 U.S.C. § 7701(e)(1)(B). However, the Board declined to do so in view of the time that had elapsed since the final decision and the circumstances established in the record. With respect to the latter, the Board stated that Ms. Nagel failed to provide any evidence that the settlement agreement, which precipitated the final decision, was procured by misinformation, deception or fraud.
 
 DISCUSSION
 
 6
 We affirm the MSPB's conclusion concerning Ms. Nagel's request for review of OPM's regulations. Ms. Nagel has not provided a substantial allegation of prohibited personnel practices, but simply posits a variety of questions regarding the interpretation of OPM regulations and how they might apply to her. She does not allege any facts or present any evidence of prohibited personnel practices against her. The challenged OPM regulations do not, on their face, require the commission of a prohibited personnel practice. 5 U.S.C. § 1204(f); 5 C.F.R. § 1203.11(b)(iii).
 
 
 7
 Ms. Nagel also raises various questions concerning her removal by the FAA, and requested that the Board reopen her appeal in that action. Ms. Nagel was removed from her position with the FAA for "unavailability for duty as a contract specialist on a regular, full-time basis." During the pendency of the appeal Ms. Nagel entered into a settlement agreement whereby she was allowed to voluntarily resign. On September 21, 1992 the Board dismissed her appeal and entered the settlement agreement into the record.
 
 
 8
 Under 5 U.S.C. § 7701(e)(1)(B) the Board has the authority to reopen a final decision on its own motion. In the interest of finality, the Board exercises this authority only within a reasonable time after issuance of the decision and upon good cause shown. In Anderson v. Department of Transportation, 46 M.S.P.R. 341, 348-49 (1990), aff'd, 949 F.2d 404 (Fed.Cir.1991) (Table) the Board stated that it will reopen a final decision (even years afterward) if it was obtained by fraud, concealment, or misrepresentation. Ms. Nagel contends that the settlement agreement was fraudulently procured because she was unable to make an intelligent choice due to her severe mental illness. The illness, she alleges, was due to the unbearable working environment at the FAA.
 
 
 9
 The Board concluded that Ms. Nagel did not show that she suffered from a mental disability that prevented her from voluntarily entering into the agreement. We must agree. There is no medical evidence of record that supports Ms. Nagel's contentions. Further, the decision was rendered in 1992, several years before Ms. Nagel requested the reopening. Given these two grounds, the Board did not act arbitrarily or unreasonably in upholding the finality of its decision.
 
 
 10
 No costs.